NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRINITY LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>248 BRYNMORE RD LLC; UNITED STATES OF AMERICA; DAVID G. MIGLIORE; UNKNOWN TENANTS OR OCCUPANTS 1–10; and THE STATE OF NEW JERSEY,<br><br>Defendants. | Civil Action No. 23-20548 (RK) (JTQ)<br><br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon a Motion to Remand or in the Alternative Strike the Notice of Removal, ("MTR," ECF No. 13), filed by Plaintiff Trinity Life Insurance Company ("Plaintiff"). Defendant United States of America ("the United States"), who removed this action on September 21, 2023, filed a brief in opposition. (ECF No. 15.) The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motion to Remand is **GRANTED**.

I.   **BACKGROUND**

This case involves a piece of real property located at 248 Brynmore Road, Block 18, Lot 2, in Ocean County, New Jersey ("the Property"), upon which there are allegedly multiple liens. (*See* "Compl.," ECF No. 1-3, Ex. A.) On January 10, 2023, Plaintiff commenced this mortgage foreclosure suit in the Superior Court of New Jersey, Ocean County, Chancery Division against

the United States, along with Defendants 248 Brynmore Rd LLC ("the Borrower"), David G. Migliore ("Mr. Migliore"), Unknown Tenants or Occupants 1–10, and the State of New Jersey. (ECF No. 1-3, Ex. A.) The Complaint alleges that on March 3, 2021, West Forest Capital II, LLC ("West Forest Capital") extended a commercial loan to the Borrower, of which Mr. Migliore is the manager and sole member. (*Id.* ¶ 9.) The loan was evidenced in a mortgage note in the principal amount of $435,000. (*Id.* ¶ 10.) To secure payment of the note, the Borrower granted to West Forest Capital a mortgage and security agreement. (*Id.* ¶ 13.) The mortgage encumbers the Property at issue in this case. (*Id.* ¶ 14.)

On May 19, 2021, West Forest Capital assigned the mortgage to Plaintiff—thereinafter, Plaintiff became the owner of the loan, holder of the loan and loan documents, and lawful mortgagee. (*Id.* ¶ 17.) On September 1, 2022, the Borrower defaulted on its obligations under the loan documents by failing to make the requisite monthly payments. (*Id.* ¶¶ 20–21.) Following acceleration of the loan, Plaintiff commenced this foreclosure proceeding and named the below defendants (collectively, "Defendants") for the following reasons:

> (a) 248 Brynmore Rd LLC is named as a party-defendant because it is the Borrower under the Note and mortgagor under the Mortgage, and to extinguish any interest that it has in and to the Property;
> (b) United States is joined as a party-defendant to extinguish any interest which it now claims or may claim in the future in and to the Property by virtue of a Notice of Federal Tax Lien it (through the Department of Treasury – Internal Revenue Service) recorded with the Clerk of Ocean County, New Jersey on November 15, 2018 as Instrument No. 2018112203 (Bk 17300; Pg 1891), which Notice of Federal Tax Lien (i) is against an entity whose name is not identical to that of Borrower, and (ii) names such entity in its alleged role as "Nominee of David Migliore";
> (c) David G. Migliore is joined as a party-defendant, in his capacity as guarantor of the Loan under the Guaranty, to notify him of this action and to extinguish any interest which he now has, claims or may have or claim in the future in and to the Property;

  (d) Unknown Tenants or Occupants 1-10 are joined as party-defendants to foreclose any interest they may have as tenants, purchasers, equitable owners or any other manner. However, no possession is hereby sought against any tenant protected by the provisions of the New Jersey Anti–Eviction Statute, N.J.S.A. 2A:18–61.1 et seq.;

  (e) The State of New Jersey is made a party-defendant hereto to extinguish any interest which it has or may have in and to the Property for possible business/corporate (including, without limitation) franchise taxes, unemployment compensation, or other taxes, interest, costs, penalties, recognizances, liens or amounts which may be imposed or which are due and owing by Borrower to the State of New Jersey.

(*Id.* ¶ 27.) As noted above, Plaintiff named the United States as a Defendant because the United States has a federal tax lien on the property that secures the payment of Mr. Migliore's unpaid federal income taxes for the 2009 through 2014 tax years. (*Id.*; *see also* "Opp.," ECF No. 15 at 2.) The Complaint avers that any interest or lien that Defendants may have or claim to have in or upon the Property is subject to Plaintiff's mortgage lien. (Compl. ¶ 28.)

  As relevant to this motion, Plaintiff served the Complaint on the United States on January 27, 2023 by process server at the office of the United States Attorney for the District of New Jersey, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, as demonstrated by the process server's signed Affidavit of Service. (MTR, ECF No. 13-3, Ex. 1.) Plaintiff also served the United States on March 17, 2023 by certified and first class mail sent to the Attorney General for the United States of America, at its office at 950 Pennsylvania Avenue, NW, Room 4400, Washington, DC 20530, as demonstrated by a signed Return Receipt. (MTR, ECF No. 13-4, Ex. 2.)

  However, the United States failed to respond to the Complaint within 60 days, and on May 17, 2023, Plaintiff filed a Request for Entry of Default, which was served on the United States by first class mail at the above two addresses. (MTR, ECF No. 13-5, Ex. 3.) Thereafter, on July 13,

2023, Plaintiff filed a Motion for Final Judgment, which again was served on the United States via first class mail at the same two addresses. (MTR, ECF No. 13-7, Ex. 5.)

On August 16, 2023, the New Jersey Office of Foreclosure ("OOF") denied Plaintiff's Motion for Final Judgment and recommended that Plaintiff dismiss the United States from the action because its notice of tax lien was recorded prior to the recording of Plaintiff's mortgage. (MTR, ECF No. 13-9, Ex. 7.) According to Plaintiff, an OOF attorney explained that OOF had no choice but to accept the priority of the United States's federal tax lien over Plaintiff's mortgage based solely on the recording dates, and on the fact that the mortgage was not a purchase money mortgage. (MTR, ECF No. 13-10, Ex. 8 ¶¶ 4–5.) Thus, OOF recommended that Plaintiff file a motion "allowing it to proceed against the United States" before again seeking final judgment to extinguish the United States' interest. (*Id.* ¶ 6.)

Thus, on August 24, 2023, Plaintiff filed a "Motion for Order Allowing Plaintiff to Proceed Against Defendant, United States of America." ("Motion to Proceed," ECF No. 1-5, Ex. C.) The Motion was served upon the United States at the United States Attorney's Office address in New Jersey, which, for reasons which are unclear to Plaintiff, was "returned." (MTR, ECF No. 13-8, Ex. 6 ¶ 10.) The Motion was thereafter successfully served on the United States at its Washington, DC address on September 20, 2023, and was set to the be decided by the Superior Court on September 22, 2023. (*Id.* ¶¶ 11–12.)

However, on September 21, 2023, Defendant filed a Notice of Removal, removing the action to this Court. (ECF No. 1.) On November 14, 2023, Plaintiff filed the pending Motion to Remand. (MTR.) Plaintiff contends that the United States' removal was untimely, warranting remand of this case to New Jersey Superior Court.[1] (*See generally id.*) The United States counters

---

[1] The Court notes that generally a motion to remand on the basis of a defect in the removal procedure must be filed within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c). Here, Plaintiff's

4

that removal was timely because removal only became apparent in the Motion to Proceed, which alleges a federal cause of action that did not appear in the foreclosure Complaint itself. (*See generally* Opp.) The Court now turns to Plaintiff's Motion.

## II.     LEGAL STANDARD

United States district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A defendant may remove to federal court a civil action originally filed in state court if the federal court may exercise original jurisdiction over the matter. 28 U.S.C. § 1441(a). After removal, a plaintiff may move to remand the case if the removal was defective, including that removal was untimely, or the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *see also Korea Exch. Bank, New York Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 48 (3d Cir. 1995). The removal statute is "strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (citation omitted). The removing party bears the "burden of showing that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

## III.    DISCUSSION

Plaintiff argues that the United States' removal was untimely, making the removal defective and warranting remand. A defendant may remove a case to federal court either "within 30 days after the receipt . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," 28 U.S.C. § 1446(b)(1), or "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by

---

Motion to Remand was filed 54 days after the United States' notice of removal because the Court in its judicial preferences requires parties to file a pre-motion letter before filing a motion to remand. The Court's judicial preferences make clear that this requirement tolls that party's time to file its remand motion.

5

the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446(b)(3). The Third Circuit has explained that the 30-day removal period is triggered when a "document informs the reader, to a substantial degree of specificity, [that] all the elements of federal jurisdiction are present." *See McLaren v. UPS Store Inc.*, 32 F.4th 232, 236 (3d Cir. 2022) (internal quotations and citation omitted). Federal jurisdiction based on federal question exists when an action "arises under" federal law—the Supreme Court has interpreted this principle to mean that a "right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Franchise Tax Bd. of State of California v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 10–11 (1983) (citation omitted). Referred to as the "well-pleaded complaint rule," removal to federal court must be based on the face of the complaint. *Id.* at 22. Thus, in determining whether the removal period has been triggered, "the inquiry begins and ends with the four corners of the pleading." *McLaren*, 32 F.4th at 236.

In the case at bar, there is no dispute that the United States failed to remove this action under Section 1446(b)(1) within 30 days of being properly served with a copy of the Complaint. However, the United States contends that removal was timely under Section 1446(b)(3) because it removed this case within 30 days of being served with the Motion to Proceed, which it contends is the first time it could ascertain that this action was removable. According to the United States, the Motion to Proceed "for the first time laid out a clear and detailed argument in support of Plaintiff's attempt to quiet title to the Property." (*Id.*) The United States argues that, by contrast, the Complaint "did not identify a waiver of sovereign immunity for the action to be brought against

6

the United States," "failed to identify the federal statute that would allow it to seek relief against the United States[,] and [did] not expressly identify any federal cause of action." (*Id.* at 6–7.)

The Court disagrees and finds that the four corners of Plaintiff's Complaint sufficiently informed the United States that Plaintiff's claim arises under federal law and that this case was therefore removable. The United States contends that this action is removable pursuant to, *inter alia*, Section 1444, which states: "any action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending." 28 U.S.C. § 1444. Section 2410, which governs actions affecting property on which the United States has a lien, states, in relevant part: "the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—(1) to quiet title to, [or] (2) to foreclose a mortgage or other lien upon . . . real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410.

There is no debate that the Complaint in this case seeks to foreclose a mortgage upon real property on which the United States has or claims a lien. As noted above, the Complaint expressly named the United States as a Defendant "to extinguish any interest which it now claims or may claim in the future in and to the Property by virtue of a Notice of Federal Tax Lien . . . ." (Compl. ¶ 27.) Accordingly, Plaintiff's Complaint appears on its face to clearly disclose a federal cause of action. Indeed, it discloses the United States' *own stated basis* for its removal of this case.[2]

---

[2] The United States also removed this case pursuant to Section 1441(a), which permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," 28 U.S.C. § 1441(a). (Opp. at 5.) The United States concedes in its brief in opposition that, under Section 1441(a), the Court has jurisdiction over this case pursuant to multiple federal statutes that provide for jurisdiction over cases involving internal revenue. (*Id.* (citing 28 U.S.C. § 1340 (jurisdiction over "of any civil action arising under any Act of Congress providing for internal revenue") and 26 U.S.C. § 7402 (jurisdiction to issue "judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws").) Another stated basis for the United States' removal is Section 1442(a)(1),

Nonetheless, the United States argues that it was not "on notice of the claim at issue." (Opp. at 8.) First, the United States repeatedly contends that Plaintiff "failed to identify the federal statute that would allow it to seek relief against the United States and does not expressly identify any federal cause of action." (*Id.* at 7; *id.* at 8 ("[T]he statute is not mentioned anywhere in the four corners of the Foreclosure Complaint."); *id.* at 9 ("Plaintiff argues that they did in fact invoke 28 U.S.C. § 2410, however there is no mention of the statute anywhere in the Foreclosure Complaint.").) The Court is not persuaded. The Supreme Court has instructed that a case might still "arise under" federal law even when a complaint does not explicitly reference a federal statute. *Franchise Tax Bd. of State of California*, 463 U.S. at 22. Likewise, the Supreme Court has cautioned that while "the party who brings the suit is master to decide what law he will rely on . . . it is an independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint . . . ." *Id.* (cleaned up). Just as a plaintiff cannot defeat removal by simply omitting a federal statute in the complaint, it follows that a defendant cannot argue that the basis for removal was not apparent simply because the complaint omits a specific reference to a federal statute. Against this backdrop, the Court finds that the Complaint, which clearly states the elements of a federal claim under Section 2410—but does not explicitly reference the statute—informed the United States that the elements of federal jurisdiction were present and thus triggered the 30-day removal clock.[3]

---

which permits removal of actions "against or directed to . . . the United States or any agency thereof . . . on account of any right, title or authority claimed under any Act of Congress for . . . the collection of the revenue," 28 U.S.C. § 1442(a)(1). (*Id.*) As to Section 1442(a)(1), the United States concedes that the Complaint "*plainly* . . . asserts claims 'relating to' acts 'on account of any right, title or authority claimed under any Act of Congress for . . . the collection of the revenue.'" (*Id.* (emphasis added).) This concession belies the United States' argument that it was not on notice that the Complaint asserted a federal cause of action.

[3] Defendant cites a number of cases in which courts in this district have held that when a complaint, which does not state the amount of damages at issue, is removed based on diversity jurisdiction, the 30-day clock for removal does not begin to run until the defendant receives a document that states that the amount in

Second, the United States argues that the Motion to Proceed was the first time that Plaintiff "meaningfully articulated their de facto quiet title argument . . . ." (Opp. at 8.) According to the United States, "this cause of action—which is more akin to a quiet-title action than a foreclosure action—is in no way clear in the original Foreclosure Complaint . . . ." (*Id.*) The gravamen of this argument appears to be that the cause of action Plaintiff is really bringing against the United States is a quiet title action, rather than a foreclosure action—thus, the basis for removal was not apparent from Plaintiff's foreclosure Complaint. The merit of this argument is undermined by the plain language of Section 2410 which states that the United States may be named as a party in any action to "quiet title to" or "*to foreclose a mortgage* or other lien upon" property on which the United States has or claims a lien—and, as noted above, Section 1444 provides that any action brought under Section 2410 is removable. 28 U.S.C. § 2410 (emphasis added). Thus, it is inapposite whether the Complaint discloses a quiet title action or a foreclosure action—both actions are removable under Section 1444.

Third, the United States argues in passing that the Complaint "did not identify a waiver of sovereign immunity for the action to be brought against the United States." (MTR at 6.) At the outset, the Court notes that the United States provides no legal authority—indeed, no analysis at all—for this proposition and, thus, the Court need not consider it. *See N.J. Bldg. Laborers Statewide Ben. Funds v. Perfect Concrete Funding*, No. 10–1540, 2010 WL 2292102, at *1 (D.N.J. June 2, 2010) ("Respondent's brief cites no law: no statutory law, no case law, no scholarly

---

controversy exceeds the requisite $75,000 for federal jurisdiction. *See Fleites v. Liberty Mut. Ins.*, No. 22-06617, 2023 WL 3478469, at *4 (D.N.J. May 16, 2023); *Miller v. Whole Foods Mkt., Inc.*, No. 22-2495, 2022 WL 16950265 (E.D. Pa. Nov. 15, 2022); *Worldwide Exec. Job Search Sols., LLC v. N. Bridge Grp.*, No. 17-1907, 2017 WL 5762392 (D.N.J. Nov. 27, 2017). The Court finds these cases inapposite to the present action because, while a requisite element of federal jurisdiction based on diversity is that the amount in controversy exceeds $75,000, 28 U.S.C. § 1332, all of the elements of federal jurisdiction under Section 2410 and 1444 are apparent from the face of Plaintiff's Complaint.

authority. An undeveloped argument in a brief is waived."); *Aiellos v. Zisa*, 09–3076, 2010 WL 421081, at *5 (D.N.J. Feb.2, 2010) ("A throwaway argument left undeveloped is waived."). However, even reviewing the merits of the United States' argument, the Court finds it lacking. The Third Circuit has held that Section 2410 constitutes a waiver of sovereign immunity. *See United States v. Schiaffino*, 317 F. App'x 105, 107 (3d Cir. 2009); *see also Milltown-Ford Ave. Redevelopment Agency v. United States*, No. 19-21494, 2020 WL 5077495, at *4 (D.N.J. Aug. 27, 2020) (collecting cases). The Court finds no basis for the United States' position that a plaintiff bringing a claim arising under Section 2410, for which the United States has clearly waived sovereign immunity, needs to explicitly state that waiver of sovereign immunity in its complaint.[4]

Based on the above, the Court finds that removal of this action was untimely, warranting remand of this case to New Jersey Superior Court, Ocean County, Chancery Division. *See Peters v. Stop & Shop*, No. 13-6085, 2013 WL 5781199, at *2 (D.N.J. Oct. 25, 2013) (failure to timely file a notice of removal "is sufficient grounds to remand an action to state court"). Accordingly, Plaintiff's Motion to Remand is **GRANTED**, and Plaintiff's Motion to Proceed shall be resolved by the Superior Court.

---

[4] The Court notes that Plaintiff also argues that the United States' removal is defective for the additional reason that it does not comply with the rule of unanimity. "When a civil action is removed *solely* under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added). As noted above, this case was not removed solely under section 1441(a). Rather, it was removed pursuant to, *inter alia*, Section 1444, and for cases removed pursuant to Section 1444, "the ordinary rule that all other defendants join in removal does not apply." *See e.g.*, *Milltown-Ford Ave. Redevelopment Agency v. United States*, 2020 WL 5077495, at *4 (quoting *U.S. Bank v. Rathka*, No. 16-715, 2016 WL 3000901, at *1 n.2 (M.D. Fla. May 25, 2016)).

## **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion to Remand (ECF No. 13) is **GRANTED**, and this matter is **REMANDED** to New Jersey Superior Court, Ocean County, Chancery Division. An appropriate Order accompanies this Memorandum Opinion.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

Dated: June 20, 2024